■ JOSE GIRALDO MAFIA et al., Appellants, v CREEKVIEW HOMES, LTD., et al., Respondents. (And a Third-Party Action.) [834 NYS2d 236]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated December 7, 2005, as granted that branch of the motion of the defendant Creekview Homes, Ltd., which was for summary judgment dismissing the complaint insofar as asserted against it and, in effect, upon searching the record, inter alia, awarded summary judgment dismissing the complaint against the remaining defendants.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and that branch of the motion of the defendant Creekview Homes, Ltd., which was for summary judgment dismissing the complaint insofar as asserted against it is denied.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Here, the defendant Creekview Homes, Ltd. (hereinafter Creekview Homes), failed to make the requisite showing. Contrary to the respondents' contentions, the affidavits of the injured plaintiff and a coworker submitted in connection with the injured plaintiff's claim for workers' compensation benefits, which affidavits were proffered

by Creekview Homes in its moving papers, did not establish, prima facie, that the accident could not have occurred on property that it owned or developed. There exists a triable issue of fact as whether the accident location which was described in the affidavits as having been at a construction project "in/near Carmel," near "I-84 in Carmel," and "at the construction site in Carmel, NY," was the same location alleged in the complaint. Since Creekview Homes failed to establish its entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., supra). Accordingly, the Supreme Court erred in granting that branch of the motion of Creekview Homes which was for summary judgment dismissing the complaint insofar as asserted against it and, in effect, upon searching the record, inter alia, dismissing the complaint against the remaining defendants.

The respondents' remaining contention is without merit. Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.